WRight, J.,
delivered the opinion of the Court.
It appears, in this case, that Price sold Jones a safe, the title to which failed, and the latter sued the former for dam *86 ages in consequence of such failure, and had verdict and judgment in his favor, from which Price has appealed in error to this Court.
The facts of the case are these: One Grigsby, as the agent of a company to whom the safe belonged, sold and delivered it to Winstead upon a credit of one year; but the title was not to pass to him, but was to remain in the company until he paid for it; and if he failed to do so, the trade was to be at an end. While thus in his possession, he sold it to one Willis, in payment of an antecedent debt, and Willis sold it to the defendant, Price, who sold it to the plaintiff, Jones, as before stated.
Winstead having failed to pay Grigsby for the safe, he, as the agent of the company, demanded it of Jones, who yielded to their superior title, and again purchased the safe of Grigs-by, and paid him for it.
Upon these facts the Circuit Judge did not err in instructing the jury that Winstead had acquired no title to the safe, and could communicate none to Willis, or a purchaser under him. Even if Willis had so paid the purchase money as to be enabled to claim the position of an innocent purchaser, without notice, still that doctrine can have no application here. The contest was a question of right, and not of notice. The maxim, caveat emptor applied; and, of course, if the person from whom the purchase is made have not the legal title, the purchaser can acquire none. It can make no difference that Winstead was in possession of the safe. The cases of Bradshaw v. Thomas, 7 Yer., 497, and Gambling v. Read, Meigs’ Rep., 281, furnish direct authority upon this question.
It"is next insisted that the Circuit Judge erred in permitting the declarations of Winstead to be proved and go to the jury. But in this also we are satisfied he did not err. These declarations — if we understand aright those to which the objection refers — consisted of what Winstead said, as to the terms of the trade between him and Grigsby, to the witness, Huntsman, in whose care the safe had been left, when he came to get it. They were made at a time when the company and *87 Winstead were the only parties in interest, and previous to the sale made by him to Willis, and, upon well settled principles, were admissible in evidence. 1 Greenl. Ev., secs. 180, 189, 190. Nor do we. think the Circuit Judge erred in refusing to grant a new trial upon the affidavit of Price, the plaintiff in error, that he was taken by surprise in the admission of Grigsby’s evidence, and that, upon a second trial, he can prove the same untrue; because, passing by the inquiry as to whether, upon the facts disclosed in this record, the party has any legal ground to say he was surprised; and without inquiring whether it is probable, if Grigsby’s testimony were overthrown, the result would be different. It is sufficient that Price does not produce the affidavit of any witness, contradicting the statement of Grigsby, or offer any reason for not doing so; but rests the application upon his own affidavit. In Scott v. Wilson, (Cooke’s Rep., 315,) Judge Overton, in delivering the opinion of the Court, says: “ On a motion for a new trial, on any ground, resting on the information of others, the mover’s own affidavit alone cannot be sufficient. The affidavit of the person possessing the knowledge, or, at least, the affidavit of some disinterested individual, to whom the information was communicated, should be pro-uced.”
The action of the Circuit Court is also sustained by Riley v. The State, 9 Hum., 646.
Upon the whole, we see no error in this judgment, and affirm it.